FILED

NOV 14 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

BALWANT SINGH,

    Petitioner,

v.

ERIC H. HOLDER, Attorney General,

    Respondent.

No. 09-73423

A-099-361-176

MEMORANDUM<sup>*</sup>

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 7, 2013**
Portland, Oregon

Before: M. SMITH and HURWITZ, Circuit Judges, and PRO, Senior District
Judge.***

Petitioner Balwant Singh ("Singh") petitions for review of the Board of

Immigration Appeals' ("BIA") decision affirming the Immigration Judge ("IJ").

---

  *  This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

  **  The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

  ***  The Honorable Philip M. Pro, United States District Judge for the
District of Nevada, sitting by designation.

Singh contends the BIA and IJ erred in denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

We review the BIA's and IJ's decisions for substantial evidence. *Kumar v. Gonzales*, 444 F.3d 1043, 1049 (9th Cir. 2004). We deny the petition for review.

The IJ's adverse credibility finding was supported by multiple, specific references to the record where Singh's testimony contradicted other record evidence or was evasive and nonresponsive. For example, Singh claimed to have been beaten by the police and released after his father and neighbors paid a bribe. However, the affidavits from those who helped secure Singh's release make no mention of either Singh's injuries or the bribe.

The IJ reasonably denied Singh's asylum application after finding Singh failed to submit sufficient evidence to show past persecution on a protected ground or a well-founded fear of future persecution. The IJ also reasonably found that Singh's arrest was part of a legitimate police investigation, not on political grounds. Additionally, the record evidence was too speculative and generalized to indicate an individualized risk of future persecution. Because Singh did not establish eligibility for asylum, he cannot meet the higher burden for withholding of removal. *Dinu v. Ashcroft*, 372 F.3d 1041, 1045 (9th Cir. 2004).

Finally, there is insufficient evidence to show that Singh more likely than not would be tortured if he is removed. Substantial evidence therefore supports the IJ's denial of relief under CAT.

PETITION DENIED.